UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                          CRIMINAL NO. 17-20327

v.                                    HON. MARK A. GOLDSMITH

D-1  JANERO GARRETT,

    Defendant.

                                            /

**Government's Sentencing Memorandum**

Defendant Janero Garrett stands convicted of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated in this memorandum, the government recommends a sentence of **fifty months**' imprisonment as "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

**I.**    **Facts and Procedural History**

On April 24, 2017, Detroit Police Officers were traveling in a marked patrol car. (Dkt. 1). The officers observed a group of people standing in the middle of Flanders Street, openly drinking alcohol. *Id.*

The officers observed an unknown individual—later identified as Garrett—look towards the police car, clutch his waistband, and walk away quickly. (Dkt. 1). Officers observed Garrett remove a gun from his waistband. The officers discovered a gun loaded with 16 rounds of ammunition. *Id.*

On April 24, 2017, when Garrett was arrested for his conduct in this case, he was on supervised release in this district relating to *United States v. Janero Garrett*, Case 10-20715 ("*Garrett I*"). Garrett has an extensive criminal history that began at the age of 17; he is now in his 40s. Between the age of 17 and 41, Garrett has had 22 known arrests. PSR ¶¶ 29-56. Garrett has five prior arrests relating to firearms on February 21, 1994; May 10, 2000; January 18, 2004; May 22, 2007, and November 6, 2010. PSR ¶¶ 29-30, 32, 35, 37. Garrett has other arrests and convictions for drug offenses, aggravated assault, fraud crimes, disorderly conduct, and more. *Id.* ¶¶ 29-56.

Garrett's supervised release in this district, resulted from his latest conviction for possession with intent to distribute approximately 18 kilograms of marijuana and possession of a firearm in furtherance of a drug trafficking crime. *Id.* ¶ 37. He also had 19 grams of heroin, 28 grams of suspected cocaine, and four firearms—two easily accessible on the top of the bedposts. *Id.* Two of the guns were stolen and all of the guns were loaded. *Id.*

At the time of Garrett's arrest for his 2010 charge, DEA agents pulled behind his car and activated their police lights. Garrett's girlfriend and a ten-year-old child were in the car when he rammed into the agent's vehicle and refused to get out. The Honorable Denise Page Hood sentenced him to seven years' imprisonment, followed by three years of supervised release. Garrett served his time in prison and began supervised release on March 13, 2017. *Id.*

Following Garrett's arrest in this case just months after beginning supervised release, law enforcement began investigating Garrett's ties to the community. There was no verification of Garrett's claimed employment or schooling. Instead, investigation revealed that Garrett was living in a luxurious apartment leased to a felon without any explanation of how Garrett could afford such a residence.

On August 23, 2017, the defendant pleaded guilty to the indicted count, pursuant to a Rule 11 plea agreement with a cap on the sentence of 50 months' imprisonment. Plea Agreement, Dkt. 20. The parties and the probation department have calculated the applicable guideline range as 46-57 months. There are no outstanding objections to the PSR. This Court has set sentencing for February 27, 2018.

## II. Discussion: Section 3553(a) Factors

The Supreme Court has noted that, in formulating the Sentencing Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338, 347 (2007). The Guidelines are meant to "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350. The Guidelines serve as the "starting point" for choosing a sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). The factors to be considered from that starting point are: (a) the nature and circumstances of the offense; (b) the history and characteristics of the defendant; (c) the seriousness of the offense, promotion of respect for the law, and just punishment for the offense; (d) adequate deterrence and protection of the public; and (e) the defendant's needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences available; and the need to avoid unwarranted sentencing disparities between defendants who are guilty of similar conduct. 18 U.S.C. § 3553(a). The government recommends a sentence of **fifty months' imprisonment**.

### a. The nature and circumstances of Garrett's offense

Among the factors to be considered in sentencing are the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1). Being a felon in possession of a firearm is inherently dangerous because the crime involves a firearm. In this case,

4

the gun was fully loaded and concealed. Garrett had it in the middle of a residential neighborhood, around people who were drinking.

Garrett was only on supervised release for two months at the time of his arrest. The serious nature of the offense is evident by the lengthy prison term Garrett faces—in addition to any sentence he will receive for a supervised release violation.

### b. Garrett's criminal history and characteristics

Additional factors to be considered in sentencing are the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

Garrett has a history of having guns when he knows it is prohibited. An inference can be drawn that Garrett is violent due to his repeated possession of loaded guns. Garrett has at least five prior convictions for gun crimes. The way he uses the guns is dangerous. He has had concealed, loaded, and stolen guns in the past. In *Garrett I*, the guns were on his bed, easily accessible. For the present charge, he had a loaded gun at a gathering in the street where people were drinking alcohol.

His prior arrests and convictions for assault, fleeing and eluding, disorderly conduct, resisting an officer, and operating while intoxicated indicate that he is dangerous as well. Garrett's longest stretch, as an adult, without an arrest was when he was incarcerated due to his seven-year prison sentence in *Garrett I*.

    **c.    The seriousness of the offense and the objectives of promoting respect for the law and providing just punishment for the offense**

Other factors to be considered in sentencing are the seriousness of the offense and the objectives of promoting respect for the law and providing just punishment. 18 U.S.C. § 3553(a)(2)(A). While possessing a loaded firearm as a felon is a serious offense in and of itself, it is a more serious offense in light of his extensive criminal history, and that Garrett had been on supervision for only two months when he committed the offense. Garrett's is a danger to the community. His criminal history shows that he has zero respect for authority.

    **d.    The objectives of providing adequate deterrence and protecting the public**

Courts must also consider how a sentence will provide adequate deterrence and protection of the public. 18 U.S.C. § 3553(a)(2)(B)–(C). The United States believes that the requested sentence will deter Garrett and other similarly situated individuals from engaging in unlawful possession of a firearm, in violation of federal law.

The public deserves to be free from the fear that convicted felons are carrying loaded weapons. Convicted felons are prohibited from carrying firearms in the state of Michigan, and Garrett is no exception. A custodial sentence will provide adequate deterrence and protection of the public.

### III.   Conclusion

The government recommends a sentence of **fifty months**' imprisonment.

>Respectfully submitted,
>
>MATTHEW SCHNEIDER
>United States Attorney
>
>
>s/ Mitra Jafary-Hariri
>Assistant United States Attorney
>211 W. Fort Street, Suite 2001
>Detroit, MI  48226
>Phone:  (313) 226-9632
>E-Mail: mitra.jafary-hariri@usdoj.gov
>Bar No. P74460

Dated:  February 20, 2018

**Certificate of Service**

I certify that on February 20, 2018, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to all counsel of record.

s/ Mitra Jafary-Hariri
Assistant U.S. Attorney
United States Attorney's Office
